# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JUAN PELAES PEREZ-URENA,** Movant, | **CRIMINAL NO.** **1:05-CR-477-2-CC-GGB** |
| v. | **CIVIL ACTION NO.** **1:11-cv-01356-CC-GGB** |
| **UNITED STATES OF AMERICA,** Respondent. | **MOTION TO VACATE** **28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Juan Pelaes Perez-Urena ("Movant") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 1523]. Movant seeks to challenge the constitutionality of his life sentence that was imposed on September 19, 2008, following a jury verdict of guilty entered on February 7, 2008. [Doc. 1185]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 1523]; (2) the United States of America's (hereinafter "Government") motion to dismiss and response to Movant's motion to vacate [Doc. 1527]; and (3) Movant's reply to the Government's response [Doc. 1530].

## I.   BACKGROUND

On October 19, 2005, Movant was indicted by a federal grand jury for conspiracy to possess controlled substances, namely cocaine and methamphetamine, with the intent

to distribute (Count One); possession of cocaine with the intent to distribute (Count Three); and conspiracy to launder money (Count Nine). On October 27, 2005, Movant entered not guilty pleas. [Doc. 299].

On January 30, 2006, the Government filed a "Sentencing Information Establishing Prior Convictions for the Purpose of Increased Punishment." The document provided that it was giving notice that Movant was subject to the enhanced sentencing provisions of Title 21 U.S.C. §§ 841(b)(1)A), 841 (b)(1)(B), 841(b)(1)(C) and 851. [Doc. 416]. In the Sentencing Information, the Government alleged that Movant had two prior felony drug convictions. [Id.].

A superseding indictment filed on December 12, 2006 charged Movant with conspiring to possess cocaine and methamphetamine with the intent to distribute, in violation of 21 U. S. C. §§ 841(a) (1) and 846 (Count One), two counts of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a) (1) (Counts Five and Nine); using a communication facility to commit a drug trafficking offense, in violation of 21 U. S. C. § 843(b) (Count Seven); and conspiring to launder money, in violation of 18 U.S.C. § 1956(h) (Count Seventeen). [Doc. 677].

Jury selection began on July 9, 2007, but a jury was not selected at that time, and the trial was continued to January 14, 2008. [Docs. 914, 916, 924]. On February 7, 2008, a jury returned a verdict of guilty against Movant on the following counts: Count

2

One, specifically finding that the conspiracy involved at least five kilograms of cocaine and at least 500 grams of methamphetamine; Count Five, specifically finding that Count Five involved at least five kilograms of cocaine; Count Seven and Count Seventeen. [Doc. 1030].

The Pre-Sentence Report (PSR) reported that Movant was responsible for at least 379 kilograms of cocaine, four kilograms of heroin, and 375 pounds of marijuana. The PSR calculated a base offense level of 38, with a two-level upward adjustment for the money laundering conviction, arriving at a total offense level of 40. [PSR at ¶¶ 108, 110, 114]. As to criminal history, the PSR reported a 1981 conviction for "Possession of Narcotics for Sale" in the Superior Court of San Mateo County, California, and a 1991 conviction for possession of heroin with intent to distribute in the United States District Court for the Northern District of California. [PSR at ¶¶ 119, 120]. With a total offense level of 40, and a criminal history category of II, Movant's Sentencing Guideline range was 324 - 405 months. [PSR at 42]. No objections were filed to the PSR.

The sentencing hearing took place on September 19, 2009. At the sentencing hearing, Movant admitted to the two prior drug-related felonies. [Doc. 1350 at 4-7]. The Government noted for the record that it had filed the documentation (the information required under 21 U.S.C. § 851) establishing the prior convictions. [Id. at 7]. The

3

Government informed the court, and defense counsel agreed, that the mandatory minimum sentence was a life sentence. (Doc. 1350 at p. 8).

The Court sentenced Movant to life imprisonment on Counts One and Five, 48 months on Count Seven, and 240 months on Count Seventeen. Movant filed a timely notice of appeal on October 1, 2008. On December 14, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's conviction and sentence. United States v. Montalvo, 356 F. App'x 319 (11th Cir. 2009); [Doc. 1483].

Subsequently, Movant filed the current § 2255 Motion. On his certificate of service, Movant indicates that he submitted the motion for mailing on March 15, 2011; however, the envelope containing the § 2255 motion was marked as being received by the prison for mailing on April 13, 2011. [Doc. 1523 at 89; Doc. 1527, Exh. A at 2]. The § 2255 motion was postmarked April 15, 2011, and received by the Court on April 26, 2011. [Doc. 1527, Ex. A]. Movant states under penalty of perjury that he signed and attempted to mail his motion on March 15, 2011, but that the institution refused to accept his mail on that day. [Doc. 1530].

## II. **GOVERNMENT'S MOTION TO DISMISS**

The Government moves to dismiss on the ground that Movant's motion does not appear to be timely. The Government requests an evidentiary hearing to determine whether the motion was timely filed. Because, as discussed below, Movant's motion is

due to be dismissed on the merits, I do not believe that it would be a good use of government resources to conduct an evidentiary hearing on the timeliness issue. Accordingly, I will assume, without deciding, that the motion was timely filed.

## III. DISCUSSION

In his motion, Movant alleges four grounds for relief from his conviction and sentence: (1) the Court lacked subject matter jurisdiction over Movant's criminal case; (2) the Court lacked jurisdiction to sentence Movant to life because the Government failed to file a § 851 notice; (3) Movant's appellate counsel was ineffective for not raising an issue regarding the jury instructions; and (4) Movant's sentencing counsel was ineffective for not raising the fact that the Government purportedly failed to file a § 851 enhancement as required to sentence Movant to life imprisonment. [Doc. 1523 at 4-8].

### A. Subject Matter Jurisdiction

Movant argues that the Court has no subject matter jurisdiction over his case because the Government failed to show that the United States had ownership of the land in which the offense took place, and that the State of Georgia ceded that land. [Doc. 1523 at 23-39; Doc. 1530]. However, it is well established that this Court has jurisdiction over offenses against the laws of the United States (Title 18 U.S.C. § 3231) and that the charged drug and money laundering offenses are offenses against the United States regardless of the fact that they did not take place on government property. See

5

Title 21 U.S.C. §§ 841, 843, 846; Title 18 U.S.C. § 1956. Thus, Movant's argument is without merit.

### B. Notice under § 851

Movant states that he reasonably understood that Docket Entry Number 416 was not the statutory notice required under Title 21 U.S.C. § 851, because the docket entry is entitled "Sentencing Memorandum." However, regardless of the title of the docket entry, the document itself is entitled "Sentencing Information Establishing Prior Convictions For The Purpose of Increased Punishment," and it cites § 851. The document complies with the requirements of § 851 and contains a Certificate of Service showing that it was served on Movant's counsel. Thus, the Government provided the required notice of Movant's prior convictions.

Movant also argues that his prior state offense should not have increased his mandatory minimum sentence because it was a conviction for simple possession, not a felony drug offense. However, Movant's criminal history substantiates that Movant was convicted of violating California Health and Safety Code § 11351, the offense of possessing a controlled substance for sale. [Doc. 1527, Ex. B]. The PSR reports that this offense involved the sale of heroin, and that Movant was sentenced on this offense to five years incarceration, with one year to serve in prison and the balance on probation.

AO 72A
(Rev.8/82)

[PSR at ¶ 119]. There is no basis for Movant's allegation that this conviction was for simple possession rather than sale of a controlled substance.

### C. <u>Ineffective Assistance of Appellate Counsel</u>

Movant argues that his attorney was ineffective on appeal by failing to raise the fact that the jury did not make an individualized finding of drug type and quantity. However, the jury did make an individualized finding that Movant's conspiracy involved at least five kilograms of cocaine and 500 grams of methamphetamine, and that he possessed at least five kilograms of cocaine with the intent to distribute. With this drug quantity, and Movant's two prior felony drug convictions, Movant's mandatory sentence was life imprisonment. <u>See</u> Title 21 U.S.C. § 841(b)(1)(A)(viii) (stating that in cases involving 5 kilograms or more of cocaine where the defendant has two prior convictions for felony drug offenses, the defendant must be sentenced to a mandatory term of life imprisonment).

Further, as long as a defendant is sentenced at or below the statutory maximum sentence authorized by the verdict, a trial court is not required to have the jury make a more specific individualized finding of drug quantity. <u>See</u> <u>United States v. Clay</u>, 376 F.3d 1296, 1301 (11th Cir. 2004). Here, the sentence authorized by the jury's verdict was up to life imprisonment. Therefore, no more specific findings by the jury were necessary. For these reasons, Movant's counsel was not ineffective on appeal.

### D. Ineffective Assistance of Sentencing Counsel

Finally, Movant alleges that his attorney was ineffective for failing to argue that the Government had failed to file a sentencing information under Title 21 U.S.C. § 851, and that his prior state conviction did not qualify as a felony drug offense. However, as discussed above, the Government did file the proper sentencing information, and Movant's state conviction for possessing heroin for sale was a prior felony conviction. Thus, Movant's attorney was not ineffective for failing to argue contrary to these facts.

## IV. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

8

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's grounds for relief are without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## V. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 1523] be **DENIED.**

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 27th day of March, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)