.RELEASE.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 21 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

The court has an opport-
correct and Injustice.
On January "2007, Mr. perez Urena
was Sentenced to a mandatory, term
OF Life in prison.
For a Drug offense.
At that time, the court's hands
where bound. Because the government
File two- 851 notices based on
Mr. perez-Urena two prior-
Felony Drug conviction.
The First was in ,1981" it was-
For low-Level Drug selling-
Serve 1 year and the balance-
Probated.
The second was in ,1992"
This conviction was For possesion
OF heroin with the intent to-
Distribute and serve aproximately
34. months. The court had no
other option, but to Sentence
Mr. perez-Urena. TO- LIFE.
In 2018. The congress. passed
the First step Act to prevent
Individuals like. Mr. perez-Urena
From having to Serve LIFE-
In prison.-

It Reduced the mandatory.
minimus in 21 U.S.C. 841(b)(1)A]
It Limited the convictions, that.
would Justify an enhancement to
Only those convictions that meet.
the definition of a "Serious".
Drug Felony. and it broadened the
Definition of. a Serious.
Drug Felony.
and it broadened, the District court's
Jurisdiction to compassionately.
Reduced in Just Sentences under.
3582 (c)(1)(A)(i).
Under current Law. IF. Mr.
Perez-Urena. Were Resentenced.
he would not be looking  at
anything close to a LIFe.
Sentence...
Mr. Perez-Urena now moves.
For a compassionate Reduction.
in his Sentence under.
3582 (c)(1)(A).
Because of the change in the.
Law, the ongoing. COVID-19
Pandemic and his Age.
background and. Significant...
Efforts toward Rehabilitation

Combined and on their own these
considerations constitute.
An "exceptional and compelling
Reason that warrant a
Sentence Reduction.
Mr. Perez-Urena Criminal conduct.
Does not Justify a Sentence.
To. Death in Prison.
If. Released now he would.
Be Returned to his native country
Of. Mexico.
Mr. Perez-Urena.
Request that this court say
"Enough is Enough".
Reasentence him, and allow
him. to Retur to mexico.
Mr. Perez-Urena.
Filed. a motion to modify his
Sentence Pursuant. to.
18. U.S.C.  3582 (c)(2) and.
USSC. 1 B1.10.
The court Denied this motion
nothing that mr Perez-Urena
guidelines was not Reduced. by
The "Drugs minus two".
Amendment to the Sentencing.
guide Lines. and also that he
was ineligible For Relief

Because 841(b)(1)(A)
Required that he be sentenced
to Life in Prison.
Summary of the efforts by
Mr. Perez to improve
himself wile serving his
Life sentence.
Despite the injustice of his
Life sentence. Mr. Perez has
been productive in the Past
15 years.
Because of his Life sentence
Mr. Perez-Urena has served his
sentence at high security
facilities, and despite being
and illegal alien with limited
ability to speak English, he
has engaged in a number of
Productive activities.
This includes obtaining his
G.E.D. in 2013.
Completed an anger management
Program in 2010, and also
attended and Received
Certificates in a several
mussic classes and a
sewing class. →

In addition, mr. Perez-Urena's
File contains a Letter dated
December 17, 2015, From
mr. Perez-Urenas, Supervisor
at the "Unicorn" Cut and Sew
Factory, Located at U.S.P.
Beaumont, through the end of
2015. Supervisor whitaker
supervised mr. Perez-Urena
For over 3 years.
the letter indicates that mr.
Perez-Urena is a very
proficient, Reliable worker
who takes his assigned tasks
seriously, pays attention to
Detail and conducts himself in
a proffesional manner at all
times.
In addition, mr. Perez Urena
Displays an "exemplary attitude"
For others to Follow.
Its constantly Learning new
Skills and has been
Instrumental in helping to train
other inmates.
the letter also indicates that
mr. Perez-Urena
has Received Several

6

Special achievement incentive
awards for his outstanding
contribution to "unicorn".
In December 2015, mr. Perez-Urena
Received a certificate of
Achievement from unicorn.
With Regard to his work
as and Industrial Sewing
Machine operator.
UNICORN no longer operater.
The cut and sew factory at
USP, Beaumont.
And mr. Perez-Urena has been
Working since January 2016
as a Library education orderly,
his file contains a letter
from his supervisor.
N. Frelow, wich notes that
mr. Perez-Urena has demostrated
and exceled a good work ethic and
attendance.
I acknowledge his Reliability
and Diligence...
    "Arugment For A
3582 (c)(1)(A)(i) Reduction
Section 503 (c) of
The First step Act. 2018.
Expanded the authority of the

court to grant compassionate
Release. see. United. states. V.
Young.   No. 2:00-cr.00002-1 2020
WL. 1047815. (M.O. Tenn. mar 4. 2020).
(Congress's "express purpose"
was "to expand. the use. of
compassionate Realese
Sentence (Reductions).
This court may Reduce a.
Sentence upon a motion of "A
Defendant once. the defendant.
has exhausted and. shown that
"extraordinary and compelling.
Reasons" exist.
18. U.S.C.  3582 (c)(1)(A)(i).
Here the court. has jurisdiction
To consider mr. Perez-wrens.
motion.
The Injustice of. mr. Perez-wrens
Sentence is an extraordinary
and compelling. Reason alone.
Or combined with the ongoing
COVID-19. Pandemic and.
mr. Perez-wrens.
Demonstrated Rehabilitation.
The court should Reduce.
mr. Perez-wrens's Sentence under
18. U.S.C.  3582 (c)(1)(A)(i) and.

Considering the 3553 (a) —
Factors.
Extraordinary and compelling
Reason Justify a —
Sentence Reduction.
To grant a compassionate —
Release motion.
The court must find extraordinary
and compelling Reasons.
congress had never defined.
what costitutes.
"extraordinary and compelling
Reasons".
Instead it delegated that to the
Sentencing commision.
Sec. 28, U.S.C. 994.(t)
The commision Recomendation.
appears in commentary to
USSG. 1 B1.13 (The actual —
Polycy statement. just repeats
the statuary language).
nothing that extraordinary —
and compelling Reason's.
may include — medical conditions
Age — Family circumstances and.
others Reasons Id. at.
App. n.1. The commentary.
Does not limit. other Reasons." —

But says that it could be
any extraordinary and compelling
Reason other, then or in
combination with medical
conditions. Age or Family
circumstances, Id. the commission's
statement was however
Formulated before the
First step Act passed and
since then it has not met.
To Redefine or clarify.
what "extraordinary and compelling
might mean".
United states v. Brown,
411. F. Supp. 3d. 446, 449. n1
(S.D. Iowa oct 8. 2019.
Looking at the commissions
Earlier statements courts have
Regarded them as helpful but
"Anachronistic.
"The scope of the old policy
statement is clearly outdated
and, at the very least does not
apply to the entire Field
OF Post - First step Act
motions...
Therefore, the policy statement
may provide helpful guidance

But does not limit the court's independent assessments of whether extraordinary and compelling reasons exist under 3582 (c)(1)(i) United States v. Rodriguez, No. 2:03-CR-00271-AB-1 2020 WL 1627331 at *1 (E.D.Pa. Apr. 1, 2020)

See United States v. Fox, N° 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. me. July 11, 2019) ("I agree with the courts that have said that the commission's existing policy statement provides helpful guidance (but) is not ultimately conclusive given the statutory change. Thus courts have found that they don't have to sit on their hands in situation like these and wait for the commission to provide greater guidance. Instead because the "statute's" text directly instructs courts to find that Extraordinary circumstances Exist.

The court may determine what falls
within those statutory terms.
Rodriquez 2020 WL 1627331.—
at *6 (emphasis in original)
see also United States v. Beck.—
No 1:13-cr-186-C, 2019
WL. 2716505 at *7 (M.D.N.C june 28.2019)
(while the old policy statement
provides helpful guidance it..
Does not constrains the court's
Independent assessment)
"United States . V. Lisi"
No 15 CR. 457 (KPF) 2020
WL 881994 at *3 (S.D.N.Y Feb.24,2020
and court's have acknowledge that
"congress express purpose" in.
Amending  3582(c)(1)(A) by.
the First step Act was  to
expand the use of compassionate
Release Sentence Reductions"...
United States V. Young.
No 200-cv-00002-1, 2020
WL.1047815
(M.D.Tenn.mar.4, 2020
In Determining what qualifies
The court can Rely. on the
"Ordinary and. compelling".

Taniguchi. v. Kan. Pac.
Saipan. Ltd. 566. US 560, 566 (2012)
Black's Law Dictionary defines
extraordinary as beyond
what is usual, customary,
regular. or. common.
Black's Law Dictionary.
(Defining extra ordinary)
11th. ed. 2019. It defines
compelling need. as a need so great
That irreparable harm or
injustice would Result if it is not
met. Black's Law Dictionary
(Defining compelling need)
( 11.th. ed. 2019) Taken together
They costitute the standard this
court should apply. The Reason
must be. "beyond what is usual.
Customary, Regular. or common.
and. the Reason must be so great
That irreparable harm or injustice
would Result if the Relief.
Is not a varted.
See. United States. v. Cantu.
No. 1:05-CR-458-1, 2019 WL 2498923 at
* 5 (S.D. Tex. June 17. 2019.
( Applying this aproach with an
Order Dictionary.).

13

Beck. 2019, WL 2716505 at *8
(same) ultimately, though, the courts
Determinations of what constituted
extraordinary and. compelling.
Rest in the court's authority and.
Discretion" upon the court's. —
Independent Finding.
Young 2020, WL. 1047815 at *6.
(collecting case).
The injustice
of. mr. perez—ward life
Sentence is an extraordinary and
compelling Reason.
As the court previously said: —
There is not justice.
In the mandatory sentence the
Defendant Received.
[. D.k.t. N. 201 At p.4]
with passage of the First step
Act of 2018.
This court correct that injustice
On Defendant's own motion.
Since 2018 various districts..
Courts have conclude that the
injustice of abiding a sentence
that was Required under the ..
Law before the..
First step Act of. 2018

But when after the First Step.
Act is not, can provided an
extraordinary and compelling
circumstance that warrants
Resentencing.
For example: in
United States, v. Maumau, the
Defendant, who was 45 years old
when he was arrested.
was sentenced based on charges
consistent with the mandatory
minimums on each of the
charges.
United States v Maumau
N. 2:08-cv-00758-TC-11 2020
WL 806121 at *5(D.Utha.
Feb. 18 2020.
The court noted that as part
Of the First Step Act.
Congress eliminated the injustice
Of stacking consecutive
25 years sentence based on
multiple 924(c)'s Id.
when considered together, the
court is inclined to find that
the Defendant's Age
the length of sentence imposed
and the fact that he

Would not Receive the same
Sentence if the crime Occurred
Today.
All Represent extraordinary and
compelling grounds to Reduce
his Sentence."
I'd similarly in united states.
V. Young
The District court for the middle
District of tennese held that.
The Drastic change effected
by. the first step Act's.
Ammendment of 924(cc) costitutes
and extraordinary and compelling
Reason for a Sentence Reduction
Under. 18 U.S.C.
3582(c)(1)(A)
When considered with the
Defendants Age and Background.
2020. WL 1047815 At *8    In
Young the court Resentence
the Defendant to 240 months.
Which was below the mandatory
minimum, that applied to the
mandatory minimum applicable.
At. the defendant's Original
Sentence. See. united states
Young. No 2:00-cr-00002-1

(M.D. Tenn. Mar 4. 2020.
Dkt. No. 109
See also. United States
V. O'Bryan. No. 96-10076-03 JTM.2020
WL 869475 *1 (D. Kan. Feb. 21. 2020)
granting Reduction because of
The 924(c) Sentence stacking
as defendant's 25 years
Sentence would now be ten.
United States. V. Urkevich.
No. 8:03 cr 37. 2019 WL 6037391 *2
(*D. Neb. Nov. 14. 2019).
granting Reduction because of
The 924 Sentence stacking as
Defendant's 848 mont Sentence
Would be 368 monts today.
Congress and the comission have
given limited guidance to wheter
The amendments To 841(b)(1)(A)'s
mandatory penalties are alone a
extraordinary and compelling.
Reason with passage of
The First step Act however
What is extraordinary and compelling
Is now left to the courts.
See United States. V. Fox
No. 2:14-cr 03 DBH 2019
WL 3046086 At *3 (D. Me.

July. 11. 2019.

Treating "The Previous - BOP
Discretion to Identify other
Extraordinary and compelling
Reasons as assigned now to the
(courts). Congress mandate in
expanding the compassionate
Release statute was
Intended to allow district judges
to consider the vast variety
Of Reason that may be extraordinary
and compelling.
Not to Limit compassionate
Realease to those that the
BOOP. or the commission had
Previously deemed to Justify.
Compassionate Realese
See. Brown. No. 4:05 er. 00227. DKT
No. 246 at *10 - 13
Counsel Recognizes that section
401. Of the First step Act is
not Retroactive.
The statute does not mandate
Reconsideration.
But the amendments to section
401 make the life Sentence
in this case
Fundamentally un Fair.

If he were sentence today,
neither of his prior Drug
Felonies would justify an
Increase in the mandatory
minimum from 10 years, to
Life.

If he where sentence today,
his mandatory minimum would be
5 years - 10 years on his
Conviction under 841(b)(1)(A)
Plus an additional 5 years under
924(c), if he were sentenced today
he would assuredly not Receive
a Life Sentence From any
District court Judge.
His Sentence is simply a Function
Of the time at wich he was
Punished, For his crimes.
If this, Fundamental unFairness is
not an extraordinary and
Compelling Reason,
Then what is?
The COVID 19 pandemic
Is an extraordinary and
Compelling Reason,
The number of courts that
have granted compassionate
Release because of COVID 19

Has grown along with the number
of confirmed cases. among
Inmates in the BOP Facilities
The take a way is that the
COVID-19 pandemic creates
an extraordinary and compelling
Reason For a sentence.
Reduction under. 3582(c)(1)(A).
Here, mr perez-urena Reports
that he have some health.
Issues. Diabetes, and surgery on
the eyes.
Regardless the threat to.
Mr perez-urena. From.
COVID-19 combined with his
Life Sentence, his age and.
the inevitability that he will
Die in Prison For a.
non-violent, Drug offense.
Creates and extraordinary and.
compelling Reason that
Justifies. Relief.
    Mr. perez-urena
Background and exceptional.
Rehabilitation over the past
15 years combined. with
The other Reason is and.
Extraordinary and compelling Reason.

Rehabilitation of the defendant
alone shall not be.
considered and extraodinary and.
Compelling Reason.
18 U.S.C. 994 (t) emphasis added)
see also. USSG. 1 B1.13 cmt.3
But the mention of Rehabilitation
may still be considered with
Other factors.
See Brown. N. 4:05-cr-00227
Dkt. N° 246 at *10 For the Word
"alone". to do any work as it.
must that means courts can
consider Rehabilitation as
part of a compassionate
Release motion. id
Here mr Perez Wera
Performance in custody shows
a man who has matured. by.
The years that have passed.
Although in custody at a U.S.P
with its heightened Levels of
confinement and oversight.
Mr. Perez Wera had not
Incurred a single Disciplinary
Infraction in Several years.
He has taken many classes
as available to improve

Himself.

He has been a model inmate For
oF the time he has been in
custody. Over the past.
15 years.

mr. Perez Urena has Aged.
He committed his offense wile
in his mid-40's.

He is now 60-years old.
compared to the Description oF.
The offense conduct in the
PSR his Sentry Report
Indicate a significant Level oF.
Rehabilitation.

Father incarceration would not
Serve any purpose oF Rehabilitation
considered with the injustice oF
his Life Sentence, his Age
Background and Rehabilitation is an
Extraordinary and compelling Reason
That Justifies Resentencing.

The court should grant.
Mr. Perez Urena's motion For
Compassionate Release.
3582(c)(1)(A)(i)
Criminal Case. No 1:05 CR
0477-2-CC-GGB

Juan Perz U.
#57483-019


Juan. Pelaes Perez Urena
Fed. Reg. No. 57483-019
USP. Beaumont TX
PO. Box 26036
Beaumont TX
77720

Juan Pelaes
Beaumont U.S penitentiary
Registration # 57483-019
P.O Box 26030
Beaumont tx. 77720

OFFICE OF
United State
2211 United s
75 Spring
Atlanta Ga

CLEARED
DEC 21 2020
U.S. Marshals Service
Atlanta, GA